IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NASERIE JACKSON, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 13-0421-WS-M
:
CYNTHIA WHITE-STEWART, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia White-Stewart and against Petitioner Naserie Jackson pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of attempted murder, murder, and

1

first degree attempted assault in the Mobile County Circuit Court on August 16, 2006 for which he received life sentences on each count, to be served concurrently, in the state penitentiary (Doc. 1, p. 2; Doc. 9, p. 2). On appeal, the Alabama Court of Criminal Appeals affirmed the murder and attempted assault convictions, but reversed the attempted murder conviction; the attempted murder conviction action was remanded for a new trial and does not appear to be a part of this petition. *Jackson v. State*, 993 So.2d 45 (Ala. Crim. App. 2007). Petitioner's application for rehearing was overruled as was his petition for *certiorari* before the Alabama Supreme Court (Doc. 9, Exhibits 6, 8). The certificate of final judgment was entered on May 9, 2008 (Doc. 9, Exhibit 8).

Petitioner filed a Rule 32 petition on January 12, 2009 (Doc. 9, Exhibit 10, pp. 19-49). Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial, finding the claims to be without merit (Doc. 9, Exhibit 14). Jackson's application for rehearing was overruled (Doc. 9, Exhibit 16). On September 10, 2010, the Alabama Supreme Court denied his petition for *certiorari* (Doc. 9, Exhibit 18). On that same date, the Alabama Court of Criminal Appeals issued a certificate of judgment (Doc. 9, Exhibit 19).

Eight days later, Petitioner filed a second Rule 32 petition (Doc. 9, Exhibit 20, pp. 16-35). The Alabama Court of Criminal Appeals affirmed the denial of his petition (Doc. 9, Exhibit 24). Jackson sought no further review (*see* Doc. 9, p. 6) and a certificate of judgment was entered on December 30, 2011 (Doc. 9, Exhibit 25).

Petitioner filed a complaint with this Court on August 12, 2013 raising the following claims:

> [1] that, he (Jackson) is innocent of the murder of J.S. under a transferred intent theory, on the grounds that J.S.'s death was the result of an intentional act on his (Jackson's) part against Abe Gilchrist that was justified by self-defense, the result of which was that it was also justified as to J.S.;
> [2] that, because J.S.'s death was the result of an intentional act on Jackson's part that was justified by self-defense under a transferred intent theory, the fact that Rule 45B of the Alabama Rules of Appellate Procedure did not allow the Alabama Court of Criminal Appeals to search the record for reversible error of this nature, that had been overlooked by his appellate counsel, contravenes Section 12-22-240 of the Code of Alabama 1975 and Section 6.11 of Amendment 328 to the Alabama Constitution of 1901 in violation of his (Jackson's) substantial rights[;]
> [3] in the light of the fact that J.S.'s death was the result of an intentional act on Jackson's part that was justified by self-defense under a transferred intent theory, the trial court's failure with respect to J.S. to so instruct

3

the jury constituted an illegal amendment of his (Jackson's) murder indictment[;]

[4] in the light of the fact that J.S's death was the result of an intentional act on Jackson's part that was justified by self-defense under a transferred intent theory, making the trial court's failure to so instruct the jury with respect to J.S. an illegal amendment of his (Jackson's) murder indictment, the fact that Rule 45B of the Alabama Rules of Appellate Procedure did not allow the Alabama Court of Criminal Appeals to search the record for reversible error of this nature that had been overlooked by his appellate counsel contravenes Section 12-22-240 of the Code of Alabama 1975 and Section 6.11 of Amendment 328 to the Alabama Constitution of 1901, in violation of Jackson's substantial rights;

[5] that, in light of the evidence that showed that his firing at Alfred Chestang could have been reckless firing at the car Chestang was standing beside, not intentional firing at the person of Chestang, the trial court erred in failing to instruct the jury on attempted second-degree assault as a lesser included offense to the attempted murder of Chestang with which Jackson was charged;

[6] that, because the evidence showing that his firing at Alfred Chestang could have been reckless firing at the car Chestang was standing beside, not intentional firing at the person of Chestang meant that it was error for the trial court to fail instruct [sic] on attempted second-degree assault as a lesser included offense to the attempted murder of Chestang, the fact that Rule 45B of the Alabama Rules of Appellate Procedure did not allow the Alabama Court of Criminal Appeals to search the record for reversible error of this nature that had been overlooked by his appellate counsel contravenes Section 12-22-240 of the Code of Alabama 1975 and Section

4

6.11 of Amendment 328 to the Alabama Constitution of 1901, in violation of Jackson's substantial rights;

[7] that it was error for the trial court to sentence him (Jackson) to a term of life imprisonment while under the misimpression that, under Sections 13A-4-2(d)(2) and 13A-5-9(b)(2) of the Code of Alabama 1975, a life term was the only option statutorily available to it;

[8] that, because it was error for the trial court to sentence him (Jackson) to a term of life imprisonment while under the misimpression that, under Sections 13A-4-2(d)(2) and 13A-5-9(b)(2) of the Code of Alabama 1975, a life term was the only option statutorily available to it, the fact that Rule 45B of the Alabama Rules of Appellate Procedure did not allow the Alabama Court of Criminal Appeals to search the record reversible error of his nature that had been overlooked by his appellate counsel contravenes Section 12-22-240 of the Code of Alabama 1975 and Section 6.11 of Amendment 328 to the Alabama Constitution of 1901, in violation of Jackson's substantial rights; and

[9] that his appellate counsel was ineffective for failing to raise on rehearing in the Court of Criminal Appeals, and in certiorari to the Alabama Supreme Court, the unconstitutionality of Rule 45B of the Alabama Rules of Criminal Procedure.

(Doc. 9, pp. 7-9) (*citing* Doc. 1, pp. 7-23, 25-37, 39-42).[1]

---

[1]These were the claims as understood by Respondent.  At the time she filed her Answer, Respondent also filed a Motion for a more Definite Statement (Doc. 10); the Court granted that Motion (Doc. 11).  Jackson responded with a Motion to Withdraw [this action] Without Prejudice (Doc. 12); at this Court's invitation, Respondent objected to this Motion (Doc. 14).  For the reasons set forth in the body of this Report and Recommendation, as well as those asserted by Defendant in her objection, it is recommended that Petitioner's Motion to

5

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 14, pp. 15-17). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on May 9, 2008, the day the certificate of final judgment was entered (Doc. 9, Exhibit 8). At that time, Jackson had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, so those ninety days do not count against him--whether he actually sought review or not. *See Coates v. Byrd*, 211 F.3d

---

Withdraw (Doc. 12) be denied.

1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  However, for a reason that will be explained later in this Report, it is unnecessary to calculate when that ninety-day period came to a close.

Petitioner's habeas corpus petition was not filed in this Court until August 12, 2013, more than five years after his conviction became final.  However, Jackson had filed two Rule 32 petitions in state court, the first of which was initiated before the one-year AEDPA limitations clock had run.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The State did not finish with Jackson's second Rule 32 petition until December 30, 2011, the date on which the certificate of judgment was entered (Doc. 9, Exhibit 25).

Twenty months later, Jackson filed this federal habeas petition (Doc. 1).  The Court finds that this twenty-month gap between when Petitioner concluding pursuing his remedies in the State courts and the filing of this action precludes this

7

Court's consideration of this petition under AEDPA.[2] The AEDPA clock had run at the time this action was filed and is procedurally barred from this Court's review.

The Court notes that, in his first claim, Jackson has asserted that he is innocent of the murder conviction.[3] The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

---

[2]This does not take into account the periods of time during which Jackson was not pursuing remedies in the State Courts and could have been. The Court specifically references the period after which his opportunity to seek *certiorari* in the U.S. Supreme Court had run and he filed his initial Rule 32 petition and the eight-day period between the close of his first Rule 32 petition and the filing of the second one.

[3]The Court does not believe that Jackson is raising an actual innocence claim but, out of an abundance of caution, will, nevertheless, go through the analysis for resolving such a claim.

reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence. There is no offer of new evidence presented that would support such a claim. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented. The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia White-Stewart and against Petitioner Nasserie Jackson pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district

court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Jackson did not file this action within the one-year AEDPA limitations period, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 13th day of January, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE